**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARK A. KOCH,
                    *Plaintiff-Appellee,*

v.

DORA B. SCHRIRO, Director,
Director of the Arizona
Department of Corrections; TERRY
L. STEWART, Director, Former
Director of the Arizona
Department of Corrections;
GEORGE HERMAN, Former Warden;
DENNY HARKINS, Former Deputy
Warden,
                    *Defendants-Appellants.*

No. 03-16968

D.C. No.
CV-90-01872-JBM

MARK A. KOCH,
                    *Plaintiff-Appellee,*

v.

DORA B. SCHRIRO, Director,
Director of the Arizona
Department of Corrections; TERRY
L. STEWART, Director, Former
Director of the Arizona
Department of Corrections;
GEORGE HERMAN, Former Warden;
DENNY HARKINS, Former Deputy
Warden,
                    *Defendants-Appellants.*

No. 03-17190

D.C. No.
CV-90-01872-JBM

ORDER

2393

Appeal from the United States District Court
for the District of Arizona
James B. Moran, Senior Judge, Presiding

Submitted September 29, 2004*
San Francisco, California

Filed March 2, 2005

Before: Betty B. Fletcher, Johnnie B. Rawlinson, and
Richard R. Clifton, Circuit Judges.

---

**COUNSEL**

James R. Morrow, Daniel P. Schaack, Assistant Attorneys
General, Phoenix, Arizona, for the appellants.

Larry A. Hammond, Timothy J. Eckstein, Daniel J. Pochoda,
Phoenix, Arizona, for the appellee.

---

**ORDER**

In *Koch v. Ryan,* 335 F.3d 993 (9th Cir. 2003), we dis-
missed the consolidated appeals of *Koch v. Lewis,* 216 F.
Supp. 2d 994 (D. Ariz. 2001) and *Koch v. Lewis,* 2001 WL
1944737 (D. Ariz. Dec. 17, 2001) because Koch's release
from prison rendered the consolidated appeals moot.

We remanded the matter to the district court pursuant to
*Dilley v. Gunn,* 64 F.3d 1365, 1372-73 (9th Cir. 2003) for
"the district court to determine whether its rulings should be
vacated." The district court vacated the injunctive relief

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

granted in its prior orders, but preserved the viability of its "prior legal conclusions" for future "persuasive force."

In *Dilley*, we held that if the event that moots the case "occurred by happenstance, then automatic vacatur is appropriate under *Munsingwear*." *See Dilley,* 64 F.3d at 1372. Because Koch's parole "occurred by happenstance," rather than through any conduct initiated by the parties in the context of the case, we VACATE the orders entered in *Koch*, 216 F. Supp. 2d 994; *Koch,* 2001 WL 1944737; and *Koch v. Lewis,* 96 F. Supp. 2d 949 (D. Ariz. 2000) in their entirety.

This order does not affect any request for attorney's fees.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.